UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff | § | |
| v. | § | |
| | § | |
| REAL PROPERTY LOCATED | § | |
| AT 1812 SILVERADO RD., | § | |
| ALAMO, TEXAS; | § | CIVIL ACTION NO._____ |
| | § | |
| REAL PROPERTY LOCATED | § | |
| AT N.3RD ST., EDINBURG, TEXAS, | § | |
| | § | |
| Defendants in rem, | § | |

## COMPLAINT FOR FORFEITURE IN REM

The United States of America files this action for forfeiture and alleges upon information and belief:

*Nature of the Action*

1. This is an action to forfeit property to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) and 21 U.S.C. §§ 881(a)(6) and (7).

*Defendant Properties*

2. The Defendants are the real properties, including all improvements and appurtenances, located at:

   a) 1812 Silverado Road, Alamo, Texas and legally described as follows (hereinafter, the "Defendant Property Silverado"):

   > ALL OF LOT 8, ALAMO CROSSING SUBDIVISION, HIDALGO COUNTY, TEXAS, ACCORDING TO THE MAP RECORDED IN VOLUME 53, PAGE 73, MAP RECORDS IN THE OFFICE OF THE

1

    COUNTY CLERK OF HIDALGO COUNTY, TEXAS, REFERENCE TO WHICH IS HERE MADE FOR ALL PURPOSES., and

b) North 3rd St., Edinburg, Texas and legally described as follows (hereinafter, the "Defendant Property Third Street"):

TRACT 1:
A 5.20 ACRE TRACT OF LAND OUT OF LOT 10, BLOCK 93, MISSOURI-TEXAS LAND AND IRRIGATION COMPANY'S SUBDIVISION, HIDALGO COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 1, PAGE 29, MAP RECORDS IN THE OFFICE OF THE COUNTY CLERK OF HIDALGO COUNTY, TEXAS, REFERENCE TO WHICH IS HERE MADE FOR ALL PURPOSES AND ACCORDING TO DEED RECORDED UNDER COUNTY CLERK'S DOCUMENT NO. 474797, OFFICIAL RECORDS, HIDALGO COUNTY, TEXAS, AND BEING MORE PARTICULARY DESCRIBED BY METES AND BOUNDS AS FOLLOWS, TO-WIT:

BEGINNING AT A 60 PENNY NAIL SET ON THE WEST LINE OF LOT 10, AND IN THE CENTERLINE OF 3RD STREET, (MILE 8 ½ WEST ROAD), FOR THE SOUTHWEST CORNER OF A HIDALGO COUNTY DRAINAGE DISTRICT NO. ONE MAIN FLOOD WATER CHANNEL EASEMENT, (RECORDED IN VOLUME 1742, PAGE 362, DEED RECORDS, HIDALGO COUNTY, TEXAS), AND THE NORTHWEST CORNER OF THIS TRACT, SAID NAIL BEARS SOUTH, 110.00 FEET FROM THE NORTHWEST CORNER OF LOT 10, AND ALSO BEARS SOUTH, 2,750.00 FEET FROM A CONCRETE MONUMENTAL FOUND AT THE INTERSECTION OF THE CENTERLINES OF 3RD STREET AND MILE 19 NORTH ROAD FOR THE NORTHWEST CORNER OF LOT 2, BLOCK 93;

THENCE, EAST, ALONG THE SOUTH LINE OF SAID HIDALGO COUNTY DRAINAGE DISTRICT NO. ONE MAIN FLOOD WATER CHANNEL EASEMENT, PASSING A ONE-HALF (1/2) INCH IRON ROD FOUND AT 30.00 FOR THE EAST RIGHT OF WAY OF 3RD STREET, PASSING AT 45.00 FEET THE EAST LINE OF A NORTH ALAMO WATER SUPPLY CORPORATION 15.00 FOOT EASEMENT (RECORDED UNDER COUNTY CLERK'S DOCUMENT NUMBER 424660, OFFICIAL RECORDS, HIDALGO COUNTY, TEXAS), PASSING AT 1,310.15 FEET THE WEST LINE OF A WILLACY COUNTY WATER CONTROL AND IMPROVEMENT DISTRICT

NO. 1 EASEMENT, A TOTAL DISTANCE OF 1,320.15 FEET, (MAP RECORD: 1,320.00 FEET) TO A ONE-HALF (1/2) INCH IRON ROD 24 INCHES IN LENGTH FOUND ON THE WEST LINE OF LOT 9, AND THE EAST LINE OF LOT 10 FOR THE NORTHEAST CORNER OF THIS TRACT;

THENCE, SOUTH, ALONG THE WEST LINE OF LOT 9, AND THE EAST LINE OF LOT 10, A DISTANCE OF 171.50 FEET TO A ONE-HALF (1/2) INCH IRON ROD 24 INCHES IN LENGTH FOUND FOR THE SOUTHEAST CORNER OF THIS TRACT;

THENCE, WEST, PASSING AT 10.00 FEET THE WEST LINE OF SAID WILLACY COUNTY WATER CONTROL AND IMPROVEMENT DISTRICT NO. 1 EASEMENT, PASSING AT 1,275.15 FEET THE EAST LINE OF SAID NORTH ALAMO WATER SUPPLY CORPORATION 15.00 FOOT EASEMENT, PASSING A ONE-HALF (1/2) INCH IRON ROD 24 INCHES IN LENGTH SET AT 1,290.15 FEET FOR THE EAST RIGHT OF WAY LINE OF 3RD STREET, A TOTAL DISTANCE OF 1,320.15 FEET, (MAP RECORD: 1,320.00 FEET), TO A 60 PENNY NAIL SET ON THE WEST LINE OF LOT 10, AND IN THE CENTERLINE OF 3RD STREET FOR THE SOUTHWEST CORNER OF THIS TRACT;

THENCE, NORTH, ALONG THE WEST LINE OF LOT 10, AND THE CENTERLINE OF 3RD STREET, A DISTANCE OF 171.50 FEET TO THE POINT OF BEGINNING.

SAID TRACT OF LAND IS NOW KNOWN AS THE NORTH 171.50 FEET OF LOT 65, EVERGREEN DEVELOPMENT COMPANY SUBDIVISION, RECORDED IN VOLUME 31, PAGE 9, MAP RECORDS OF HIDALGO COUNTY, TEXAS.

TRACT 2:

A 5.167 ACRE TRACT OF LANDOUT OF LOT 10, BLOCK 93, MISSOURI-TEXAS LAND AND IRRIGATION COMPANY'S SUBDIVISION, HIDALGO COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 1, PAGE 29, MAP RECORDS IN THE OFFICE OF THE COUNTY CLERK OF HIDALGO COUNTY, TEXAS, REFERENCE TO WHICH IS HERE MADE FOR ALL PURPOSES AND ACCORDING TO DEED RECORDS UNDER COUNTY CLERK'S DOCUMENT NO. 473055,

3

OFFICIAL RECORDS, HIDALGO COUNTY, TEXAS, AND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS, TO-WIT:

BEGINNING AT A 60 PENNY NAIL SET ON THE WEST LINE OF LOT 10, AND IN THE CENTERLINE OF 3RD STREET, (MILE 81/2 WEST ROAD), FOR THE NORTHWEST CORNER OF THIS TRACT, SAID NAIL BEARS SOUTH 281.50 FEET FROM THE NORTHWEST CORNER OF LOT 10, AND ALSO BEARS SOUTH, 2921.50 FEET FROM A CONCRETE MONUMENT FOUND AT THE INTERSECTION OF THE CENTERLINES OF 3RD STREET AND MILE 19 NORTH ROAD FOR THE NORTHWEST CORNER OF LOT 2, BLOCK 93;

THENCE, EAST, PASSING A ONE-HALF (1/2) INCH IRON ROD 24 INCHES IN LENGTH SET AT 30.00 FOR THE EAST RIGHT OF WAYLINE OF 3RD STREET, PASSING AT 45.00 FEET THE EAST LINE OF A NORTH ALAMO WATER SUPPLY CORPORATION 15.00 FOOT EASEMENT, (RECORDED UNDER COUNTY CLERK'S DOCUMENT NO. 424660, OFFICIAL RECORDS, HIDALGO COUNTY, TEXAS), PASSING AT 1,310.15 FEET THE WEST LINE OF A WILLACY COUNTY WATER CONTROL AND IMPROVEMENT DISTRICT NO. 1 EASEMENT, (RECORDED IN VOLUME 449, PAGES 371 THRU 402, DEED RECORDS, HIDALGO COUNTY, TEXAS), A TOTAL 1,320.15 FEET, (MAP RECORD:  1,320.00 FEET), TO A ONE-HALF (1/2) INCH ROD 24 INCHES IN LENGTH FOUND ON THE WEST LINE OF LOT 9, AND THE EAST LINE OF LOT 10 FOR THE NORTHEAST CORNER OF THIS TRACT;

THENCE, SOUTH, ALONG THE WEST LINE OF LOT 9, AND THE EAST LINE OF LOT 10, A DISTANCE OF 170.50 FEET TO A ONE-HALF (1/2) INCH IRON ROD 24 INCHES IN LENGTH FOUND FOR THE SOUTHEAST CORNER OF THIS TRACT;

THENCE, WEST, PASSING AT 10.00 FEET THE WEST LINE OF SAID WILLACY COUNTY WATER CONTROL AND IMPROVEMENT DISTRICT NO. 1 EASEMENT, PASSING 1,275.15 FEET THE EAST LINE OF SAID NORTH ALAMO WATER SUPPLY CORPORATION 15.00 FOOT EASEMENT, PASSING A ONE-HALF (1/2) INCH IRON ROD 24 INCHES IN LENGTH SET AT 1,290.15 FEET FOR THE EAST RIGHT OF WAY LINE OF 3RD STREET, A TOTAL DISTANCE OF 1,320.15 FEET, (MAP RECORD:

4

1,320.00 FEET), TO A 60 PENNY NAIL SET ON THE WEST LINE OF LOT 10, AND IN THE CENTERLINE OF 3RD STREET FOR THE SOUTHWEST CORNER OF THIS TRACT;

THENCE, NORTH, ALONG THE WEST LINE OF LOT 10, AND THE CENTERLINE OF 3RD STREET, A DISTANCE OF 170.50 FEET TO THE POINT OF BEGINNING.

SAID TRACT OF LAND IS NOW KNOW AS THE SOUTH 170.50 FEET OF LOT 65, EVERGREEN DEVELOPMENT COMPANY SUBDIVISION, RECORDED IN VOLUME 31, PAGE 9, MAP RECORDS OF HIDALGO COUNTY, TEXAS.

### *Jurisdiction and Venue*

This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355(b)(1), 1391(b), and 1395.

### *Statutory Basis for Forfeiture*

The Defendant Property is subject to forfeiture under:

a. 21 U.S.C. § 881(a)(6), which provides for the forfeiture of "[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of [the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*], all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of [the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*]."

b. 18 U.S.C. § 981(a)(1)(A), which provides for the forfeiture of property, real or personal, involved in a transaction or attempted transaction in violation

       of 18 U.S.C. §§ 1956, 1957 or 1960 or any property traceable to such property. Under 18 U.S.C. § 1956(a)(1)(B)(i), it is unlawful for a person to conduct or attempt to conduct a financial transaction with proceeds of a specified unlawful activity knowing that the transaction is designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity or to avoid a transaction reporting requirement under federal or state law. It is a violation of 18 U.S.C. § 1957 for a person to knowingly engage or attempt to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and that is derived from specified unlawful activity. The felonious sale of controlled substances constitutes a "specified unlawful activity" under 18 U.S.C. § 1956(c)(7)(A), which incorporates 18 U.S.C. § 1961(1)(D).

  c.  21 U.S.C. § 881(a)(7), which provides for the forfeiture of all real property, including any right, title, and interest. . .in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of [the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*]."

### *Factual Basis*

1.    Agapito Armendariz conspired to launder proceeds from illegal narcotics distribution and to distribute controlled substances in the Southern District of Texas between June 2012 and July 28, 2021. Armendariz has spent much of his adult life as a money launderer and drug dealer. On May 22, 2006, he was sentenced to 97 months in the Bureau of Prisons

as a result of his plea of guilty to a controlled substance offense (Cause No. 7:05CR156). He was released from the Bureau of Prisons on May 22, 2012, and quickly resumed his life of crime. Defendant Property Silverado was purchased with drug proceeds and was involved in money laundering. Defendant Property Third Street was used to facilitate drug distribution and was involved in money laundering. Agapito Armendariz pled guilty to conspiracy to launder illegal drug money on June 1, 2022, in Cause No. 2:21CR476. The factual basis underlying that plea is attached as Exhibit A and incorporated herein.

2. Agapito Armendariz was part of a large-scale international drug and money laundering organization for many years. He obtained real properties in nominee names to obscure the true ownership. Among those properties are Defendant Property Third Street and Defendant Property Silverado. During a search by law enforcement in July 2021, Agapito Armendariz was living at Defendant Property Silverado and his then wife and other family were living at Defendant Property Third Street.

3. During the dates of the conspiracy, Defendant Property Third Street was used to facilitate drug trafficking and involved in money laundering in the following ways: as a storage location for large quantities of illegal narcotics; as a transfer point for illegal narcotics into vehicles for further distribution; as a storage location to receive bulk cash obtained from the sale of illegal drugs; and, as a location for business meetings to advance the drug and money laundering conspiracy goals.

4. Defendant Property Third Street was purchased on June 7, 2012, and titled in the name of Agapito Armendariz' nephew, Lee Roy Garcia. Lee Roy Garcia had no knowledge that the property was in his name until he was informed by federal agents. The

mailing address for the tax bills for Defendant Property Third Street go to Mr. Garcia at a Pharr, Texas address known to be used by Agapito Armendariz.

5. During the drug and money laundering conspiracy, Defendant Property Silverado was purchased, maintained, and improved with proceeds of illegal drug distribution, and was therefore also involved in money laundering. Agapito Armendariz purchased the property and had it titled in the name of a criminal associate. Later, Agapito Armendariz caused the title to be transferred to his nephew.

### *Conclusion*

6. The Defendant Properties are subject to forfeiture under 21 U.S.C. § 881(a)(6) as property traceable to proceeds of drug trafficking, under 18 U.S.C. § 981(a)(1)(A) as property involved in money laundering in violation of 18 U.S.C. § 1956 and/or § 1957, and under 21 U.S.C. § 881(a)(7) as property used or intended to be used, in any manner or part, to facilitate drug trafficking.

### *Notice to Any Potential Claimants*

YOU ARE HEREBY NOTIFIED that if you assert an interest in the Defendant Property which is subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claim must be filed no later than thirty-five (35) days from the date this Complaint has been sent in accordance with Rule G(4)(b).

An answer or motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than twenty-one (21) days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas at United States

Courthouse, 1133 N. Shoreline Blvd., Corpus Christi, Texas, and a copy must be served upon the undersigned Assistant United States Attorney at United States Attorney's Office, 800 N. Shoreline Blvd., Suite 500, Corpus Christi, Texas 78401.

### *Prayer*

Wherefore, the United States of America prays that judgment of forfeiture be entered against Defendant Property in favor of the United States of America under 21 U.S.C. § 881(a)(6), 18 U.S.C. § 981(a)(1)(A), and 21 U.S.C. § 881(a)(7) in addition to such costs and other relief to which the United States of America may be entitled.

        Respectfully submitted,

        JENNIFER B. LOWERY
        United States Attorney

By:   *s/ Jon Muschenheim*
        Jon Muschenheim
        Texas Bar No. 14741650
        SDTX Bar No. 9246
        Assistant United States Attorney
        United States Attorney's Office
        800 Shoreline Blvd., Suite 500
        Corpus Christi, TX 78401
        Telephone: 361-903-7905

## Verification

I, Bryan D. Hazel, a Special Agent with the Internal Revenue Service, hereby verify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the facts set forth in Paragraphs 1 through 6 of the Factual Basis in the foregoing Complaint For Forfeiture In Rem are true and correct to the best of my knowledge and belief.

Executed on _____July 5_____, 2022.

_____
Bryan D. Hazel
Special Agent
Internal Revenue Service